UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIE BOLDEN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-00837 |
| | § | |
| UNITED STATES POSTAL SERVICE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

### I.  INTRODUCTION

This matter is before the Court on the defendant's, United States of America (the "United States" or the "defendant"), motion to dismiss (Dkt. No. 15). The plaintiff, Marie Bolden (the "plaintiff"), has failed to file a response and the time for doing so has long expired. Thus, pursuant to this Court's local rules, the plaintiff's "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex L.R. 7.4. After having carefully considered the motion, the pleadings, and the applicable law, the Court determines that the defendant's motion to dismiss should be **GRANTED**.

### II.  BACKGROUND

On March 25, 2016, the plaintiff, proceeding *pro se* and *in forma pauperis*, filed the instant action against the United States Postal Service arising out of an automobile accident that occurred on October 26, 2013, between an automobile, in which the plaintiff was traveling as a passenger, and a United States Postal Service truck. On June 17, 2016, the United States filed a stipulation to dismiss the United States Postal Service as a defendant and requesting that it be substituted as the proper defendant in its place. (Dkt. No. 5). Thereafter, the defendant filed a

Third-Party Complaint against Jamma N. Harris, the driver of the automobile transporting the plaintiff, alleging that Harris's negligence was the sole cause of the plaintiff's injuries and damages. (Dkt. No. 7). On June 20, 2016, the Court entered an Order granting the defendant's stipulation and dismissing the United States Postal Service as a party. (Dkt. No. 8). The defendant now moves to dismiss the plaintiff's complaint pursuant to Rules 37(b)(2)(A)(v) and 41(b) of the Federal Rules of Civil Procedure due to the plaintiff's failure to comply with this Court's Order dated November 3, 2016, granting the defendant's motion to compel. (Dkt. No. 14).

At this case's inception, on March 30, 2016, the Court issued an Order for Conference and Disclosure of Interested Parties advising that, *inter alia*: (1) the parties' attendance is required at the initial pretrial and scheduling conference to be held telephonically on June 27, 2016 at 9:00 a.m.; (2) all defendants must be served within 90 days of filing the complaint as mandated by Fed. R. Civ. P. 4(m); (3) the parties are obligated to confer in accordance with Fed. R. Civ. P. 26(f) and file a joint discovery/case management plan no less than 10 days prior to the pretrial scheduling conference; and (4) *pro se* litigants are "bound by the requirements imposed upon counsel" and that a "[f]ailure to comply with the order may result in sanctions, including dismissal of the action and assessment of fees and costs." (Dkt. No. 3).

On June 30, 2016, following the telephonic scheduling conference held in this case on June 27, 2016, and in compliance with this Court's Order, the defendant served its initial disclosures on the plaintiff. On July 29, 2016, the defendant served its first set of interrogatories, requests for production and requests for admission on the plaintiff. On September 15, 2016, however, after having failed to receive any communication from the plaintiff and/or any answers

or responses to any of its discovery requests, the defendant sent the plaintiff a letter stating the following:

> On July 27, 2016, I served Defendant's first set of interrogatories, requests for production and requests for admission on you via regular mail. The answers/responses were due almost a month ago on August 29, 2016, and the time for objections has long since passed, so please serve your answers/responses, without objections, as soon as possible so that I can notice your deposition shortly thereafter and get this case moving given the impending deadlines. If you no longer wish to pursue this case, please let me know so that I can draft the appropriate dismissal documents. My direct line is (713) 567-9731.
>
> If I do not receive your answers/responses, or in the alternative, your communication that you no longer wish to pursue this case, I intend on filing a motion to compel your answers/responses forthwith.

(*See* Dkt. No. 12, Ex. 3).

On September 28, 2016, the plaintiff left the defendant a voice message at the number listed above indicating that she still wished to pursue her action against the defendant, but giving no indication as to when she intended to serve responses to any of the defendant's outstanding discovery requests. Approximately an hour thereafter, the defendant telephoned the plaintiff and left her a voice message asking her to call to advise when it could expect to receive her outstanding discovery answers and/or responses. The plaintiff, however, never returned the defendant's phone call.

On October 4, 2016, the defendant filed a motion to compel. (Dkt. No. 12). On November 3, 2016, this Court entered an Order compelling the plaintiff to provide her initial disclosures, answers to the defendant's first set of interrogatories and requests for production by November 13, 2016. (Dkt. No. 14). To date, the plaintiff has failed to comply with this Court's Order or otherwise offer any explanation for her inability to do so.

The dispositive motion deadline in this case expired on February 28, 2017 and this case is currently set for docket call on June 5, 2017.

III. ANALYSIS AND DISCUSSION

A district court may impose sanctions on a party for failure to obey an order to provide or permit discovery. *See* Fed. R. Civ. P. 37(b)(2)(A). Appropriate sanctions may include an order dismissing an action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). Although a district court "has broad discretion under Rule 37(b) to fashion remedies suited to [a party's] misconduct," such discretion is not without limits. *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). The Fifth Circuit has expressly reasoned, "[w]hen lesser sanctions have proved futile, a district court may properly dismiss a suit with prejudice." *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984). Nevertheless, "[s]everal factors must be present before a district court may dismiss a case with prejudice as a sanction for violating a discovery order." *Doe v. Am. Airlines*, No. 07-10125, 2008 WL 2570789, *2 (5th Cir. June 26, 2008) (per curiam). Such factors include the following:

> (1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation of the discovery order must be attributable to the client instead of the attorney, (3) the violating party's misconduct must substantially prejudice the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Id.* (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 - 81 (5th Cir. 1994) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990) (other citations and quotation marks omitted)).

A district court may also dismiss a plaintiff's claims *sua sponte* for failure "to prosecute or to comply with any order of court." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing Fed. R. Civ. P. 41(b)). "This authority flows from the court's inherent power to

control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed.2d 734 (1962)); *see also Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to achieve the orderly and expeditious disposition of cases.") (internal citation and quotations marks omitted). Specifically, Federal Rule of Civil Procedure 41(b) authorizes the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order or directive. *See* Fed. R. Civ. P. 41(b). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879 - 80 (5th Cir. 1996).

Although *pro se* litigants, such as the plaintiff, are afforded some degree of leniency in certain areas, they are, nevertheless, still required to reasonably comply with court orders, rules and deadlines. *See Beard v. Experian Info. Sols. Inc.*, No. 06-10333, 2007 WL 178109, *2 (5th Cir. Jan. 19, 2007) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Indeed, in spite of this lawsuit's pendency for more than a year, the plaintiff has shown little to no interest in pursuing her claims against the defendant and this case has barely advanced beyond its infancy stages.

It is undisputed that the plaintiff has failed to participate in any discovery in this case and/or failed to comply with any rules governing such, despite being fully advised of her obligations to do so. To wit, the plaintiff has failed to: (1) serve her initial disclosures; (2) provide answers to interrogatories and requests for admission; (3) provide responses to requests for production; (4) file a response to the defendant's motion to compel; (5) comply with this

Court's Order dated November 3, 2016, compelling her discovery answers and/or responses; and (6) respond to the defendant's motion to dismiss her lawsuit despite its four-month pendency.

Moreover, not only has the plaintiff failed to provide an explanation for her failure to comply with any of the aforementioned rules or obligations, but she has also failed to offer even a modicum of good cause to justify her inability to do so. This clear record of contumacious conduct is attributable entirely to the plaintiff and is not attributable to an attorney, since she is proceeding *pro se* in this action. Her conduct also substantially prejudices the defendant because it has prevented the defendant's timely and adequate preparation for trial. The defendant has suffered substantial prejudice due to the passage of time, the plaintiff's failure to participate in this lawsuit, the plaintiff's repeated failure to respond to any discovery requests propounded to her and the defendant's inability to prepare any meaningful defense in this case in the absence of the plaintiff's active participation.

Given the plaintiff's persistent failure to actively participate in this lawsuit, coupled with the fact that this lawsuit has already been pending for at least a year, the Court is of the opinion that continuing this lawsuit would be a waste of resources and constitute needless delay. Accordingly, unable to move forward with this lawsuit, the Court deems a dismissal of this case, without prejudice, warranted because the plaintiff has failed to comply with even the most rudimentary obligation of serving her initial disclosures and has repeatedly shown a lack of diligence in prosecuting her case. To impose a less drastic sanction in this instance would not encourage the plaintiff to begin diligently prosecuting her lawsuit.

## IV. CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion to dismiss is **GRANTED**. The plaintiff's case is hereby **DISMISSED** without prejudice. All other relief not expressly granted is hereby **DENIED**.

It is so **ORDERED**.

SIGNED on this 13th day of April, 2017.

_____
Kenneth M. Hoyt
United States District Judge